UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SALVATORE ALESSANDRA,

        Plaintiff,

v.                  Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.
_____

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Salvatore Alessandra is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That upon information and belief, Plaintiff Alessandra incurred credit card obligations to both Capital One Bank (USA), N.A. and Home Depot. These obligations will be collectively referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, after Plaintiff defaulted on the subject debt, the aforementioned accountholders employed Defendant NCO to attempt to collect the subject debt.

13. That beginning in or about April of 2008, Defendant began making multiple telephone calls per week, and often multiple times per day to Plaintiff's home and cellular telephones, wherein Defendant would leave messages demanding Plaintiff return their telephone calls.

14. That in or about June of 2008, Defendant informed Plaintiff that they had the authority to force him to liquidate his assets should he further delay payment on the subject debt.

15. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to mean that Defendant intend to take legal action to liquidate his assets, including his home, if immediate payment was not received by Defendant.

16. That at no time relevant herein did Defendant intend to sue Plaintiff, nor had they obtained authority to pursue legal actions against Plaintiff from their clients.

17. That in one of his telephone discussions with Defendant, Plaintiff asked Defendant to stop calling him, and to only communicate with him by mail. Defendant did not honor that request and continued to call him.

18. That in or about early July of 2008, Plaintiff received an angry message left by Defendant NCO in which Defendant yelled at Plaintiff for failing to make payment on the remaining balance. Defendant then notified Plaintiff that they had discussed his indebtedness with Gina Alessandra, Plaintiff's daughter-in-law.

19. That Gina Alessandra is in no way legally obligated to pay the subject debt owed by Plaintiff Salvatore Alessandra.

20. That upon hearing said message, Plaintiff immediately called Defendant to confront them about disclosing his debt status to a third party. Defendant admitted having contacted Gina Alessandra despite already possessing Plaintiff's proper location information. Defendant again asked Defendant not to call him or his daughter-in-law any more.

21. That the very next day, Defendant called Plaintiff in an attempt to collect the debt. Plainitiff again directed Defendant to cease all telephone communications with him and his family.

22. That upon hearing Plaintiff's aforementioned statement, Defendant yelled, "If you had paid your fucking bills, I wouldn't have to [contact your daughter-in-law] and neither would anyone else!"

23. That Defendant called Plaintiff by telephone on multiple occasions for months thereafter.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5), by repeatedly and continuously causing Plaintiff's home and cellular telephones to ring and by repeatedly engaging Plaintiff in telephone conversations with the intent to annoy, abuse, and harass the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2), by using profane language or other abusive language when they used the language described in paragraph 22 herein, and by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff when Defendant blamed Plaintiff for Defendant's own unlawful contact and disclosure of Plaintiff's indebtedness to a third party, as described above in this Complaint..

    C. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692c(b), 15 U.S.C. §1692e(7), and 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect the alleged debt when they deliberately contacted a third party for no other purpose other than to disgrace the consumer, and by unlawfully disclosing Plaintiff's debt to the aforementioned third party, as described above in this Complaint.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10), by using false, deceptive, or misleading representation or means in connection with the debt collection when they misrepresented to Plaintiff that they intend to take legal action if immediate payment was not received, and by threatening to take action that cannot legally be taken or that is not intended to be taken, as described above in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated:  February 26, 2009

/s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           ajordan@kennethhiller.com